**Dr. Laurence BAAS, Plaintiff,**

v.

**Donald ELLIOT, as Chairman of and for the Board of Trustees of Long Island University, et al., Defendants.**

No. 76 C 1057.

United States District Court,
E. D. New York.

Aug. 12, 1976.

Kerry R. Trainor, Centerport, N. Y., for plaintiff.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for defendants.

## MEMORANDUM AND ORDER

PRATT, District Judge.

Plaintiff, a Sociology Professor at C. W. Post College, Long Island University, originally brought this action in Nassau County Supreme Court in the form of an Article 78 proceeding to review the college's denial of tenure and notice of termination of employment. Under the collective bargaining agreement between the college and its professors, the probationary period shall be no more than seven years. The agreement provides that if a faculty member is not granted tenure and does not qualify for the

status of "contractual continuation of employment", then his employment will terminate at the end of his seventh year.

Pursuant to the requirement that notice of termination is required prior to June 1 of the sixth year, such notice was given to Dr. Baas in May, 1975. Dr. Baas responded with a grievance under the collective bargaining procedures, but that grievance was abandoned. Dr. Baas' tenure status was reviewed again during the year 1975–76, and he was again served with a notice of termination in May, 1976.

The petition to the Nassau County Supreme Court, now removed to this Court, sought to review the college's decision to terminate Dr. Baas' employment. His central claim is that he was terminated because he had refused to acquiesce in directions by two of the defendants to approve the master's degree thesis of a particular student. He claims that he was threatened with a denial of tenure if he refused to approve the thesis, that he refused to approve it because the thesis was a sham, and that as a result he has been denied tenure or the status of continuation of employment simply because he stood on principle, and refused to participate in what he regarded as criminal acts. Implicit in what he claims is that his denial was made without regard to his qualifications for continued employment by the college.

The Nassau County Supreme Court granted a temporary restraining order pending the hearing of a motion on Dr. Baas' request for a preliminary injunction. The college then transferred the matter to this United States District Court by filing a petition and bond indicating that this federal court had jurisdiction under § 301 of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. § 185. The college claimed that the essence of the suit is a violation of the current collective bargaining agreement between the college and Dr. Baas' union, United Federation of College Teachers, Local 1460, American Federation of Teachers, AFL–CIO, and it is true that one of petitioner's specific claims was a breach of that agreement.

However, after removing the case to this court, the college then reversed its position by filing an answer which claimed there was no subject matter jurisdiction over the claimed violations of the collective bargaining agreement. The theory of this jurisdictional defense is that the agreement "provides the sole and exclusive procedures and forums for the processing and resolution" of plaintiff's claims. In effect, therefore, the college, after obtaining access to the federal court by its allegations of a dispute under a collective bargaining agreement, now requests this court to dismiss for lack of jurisdiction because that very agreement's grievance-arbitration procedures bar court litigation of plaintiff's claims.

Although the college's jurisdictional argument possesses a certain sterile logic, it nonetheless may not be accepted in the circumstances of this case. By its own argument, the college concedes that the sole purpose of removal to federal court was to have the federal court dismiss the case for want of jurisdiction. Such a frivolous, self-defeating invocation of federal procedure cannot be countenanced.

The Court agrees with and accepts the college's claim that there is no federal jurisdiction over this case. Accordingly, the Court finds pursuant to 28 U.S.C. § 1447(b) that this case was removed by the college improvidently from the Nassau County Supreme Court and that the United States District Court for the Eastern District of New York is without jurisdiction to entertain the action. The case is therefore remanded to the Nassau County Supreme Court, the temporary restraining order which was granted by that court on May 20, 1976 is reinstated, and the college is ordered to pay the just costs of plaintiff in connection with the federal court proceedings, including, but not limited to, an attorney's fee of $350.

SO ORDERED.