**NURSEFINDERS OF ELMWOOD PARK, INC., Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al., Defendants.**

**No. 84 C 10022.**

United States District Court, N.D. Illinois, E.D.

May 9, 1985.

Angelika Kuehn, Robert K. Neiman, Keck, Mahin & Cate, for plaintiff.

James B. Davidson, Peterson, Ross, Schloerb & Seidel, for defendants.

MEMORANDUM OPINION

GRADY, District Judge.

This case is before us on the motion of defendants Metropolitan Life Insurance Company ("MLI") and The Western Union Telegraph Company ("WUT") to dismiss plaintiff Nursefinders of Elmwood Park, Inc.'s complaint pursuant to Fed.R.Civ.P.

12(b)(6) and (7). For the reasons given below, the case is remanded to state court.

## BACKGROUND

On October 12, 1984, plaintiff Nursefinders filed a two count declaratory judgment complaint against MLI and WUT in the Circuit Court of Cook County, Illinois. In this complaint, Nursefinders alleges that it has provided non-registered nursing care for the son of an employee of WUT; that the employee and his son were covered by WUT's employee insurance plan issued by MLI; and that, in violation of the employee's health policy and representations made by MLI, MLI refuses to pay for Nursefinders' services (Count I), and WUT has breached its duty under its contract with the employee to see that Nursefinders was paid (Count II). Plaintiff seeks $16,133.00 for the services it provided to the employee; additionally, it requests attorney's fees under Ill.Rev.Stat. ch. 73, ¶ 767, which provides for recovery of attorney's fees from an insurer which has vexatiously delayed payment of a claim.

On November 21, 1984, defendants petitioned to remove the case to this court pursuant to 28 U.S.C. § 1446. Defendants explained that MLI is a New York citizen, WUT is a New Jersey citizen, plaintiff is an Illinois citizen, and "that, therefore, complete diversity of citizenship exists between plaintiffs and defendants herein." Joint Petition for Removal of Cause ¶ 5.

## DISCUSSION

Defendants assert five grounds for dismissal of all or part of the complaint, only one of which we need to discuss here.

Defendants claim that the insured employee is an indispensable party under Fed. R.Civ.P. 19 because his interests and the interest of the defendants will be prejudiced if he is not a party to the suit. Plaintiff does not deny that the employee is an indispensable party. *See* Plaintiff's Response Opposing Defendants' Motion to Dismiss at 6–7. Instead, plaintiff argues that if the employee is joined, he will have to be aligned with the defendants, since the

employee is a debtor of the plaintiff; therefore, joinder will destroy diversity jurisdiction. In light of the fact that plaintiff originally filed suit in Circuit Court, plaintiff finds it incongruous that defendants should now attempt to eliminate federal jurisdiction and return to state court.

■ We agree with the plaintiff that if the employee were joined, he would be aligned with the defendants. Because plaintiff claims that the insured employee owes it money, the plaintiff and the employee currently have adverse interests. We must look to the parties or potential parties' interests at the time that the complaint is filed. *Fidelity & Deposit Co. of Maryland v. Sheboygan Falls*, 713 F.2d 1261 (7th Cir.1983). It may be that the employee would concede that he owes plaintiff money, thus making the employee's interest identical to the plaintiff's in claiming coverage under the employee's policy. We cannot assume this concession, however, and for alignment purposes in determining diversity jurisdiction, must assume a denial of liability. *See id.*

■ Because joinder would destroy diversity,[1] Rule 19(a) is inapplicable, and we must look to Rule 19(b) to determine whether the case should be dismissed because the employee is indispensable. *Pasco International (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 500 (7th Cir. 1980); *Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.*, 565 F.2d 450, 452 (7th Cir.1977), *cert. denied*, 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978). Rule 19(b) states that the court should determine "whether in equity and good conscience" the action should proceed without the absent party. Four factors are to be taken into account in this determination: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment or otherwise, this prejudice can be lessened or avoided; (3) whether a judgment rendered in the per-

---

1. The employee is apparently a citizen of Illinois.

son's absence will be adequate; and (4) whether the plaintiff has an alternative forum. Fed.R.Civ.P. 19(b).

Defendants state that the first factor is determinative here. Specifically, they claim that the employee would be injured because his contractual rights would be adjudicated in his absence. They also argue that their own interests would be prejudiced in that they could be subject to multiple litigation. Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint at 6–7.

■ The employee would not be prejudiced by failure to join him in this suit because the declaratory judgment here would not be *res judicata* as to him. *See Allstate Insurance Co. v. Daniels*, 87 F.R.D. 1, 4 (W.D.Okla.1978). The defendants, however, could be subjected to multiple lawsuits, and therefore could suffer considerable prejudice. Moreover, the plaintiff has an alternative forum, which is a crucial factor in determining whether the case should proceed without the employee. *See Provident Tradesmens Bank v. Patterson*, 390 U.S. 102, 109, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Finally, the alternative forum is obviously superior from the standpoint of judicial economy, since it can exert jurisdiction over all interested parties and bind them all by its judgment. Therefore, we agree with defendants' claim and plaintiff's tacit assumption that the employee is indispensable.

Because the employee is an indispensable party whose presence would destroy diversity, we have no choice but to remand this case to the Circuit Court of Cook County, Illinois, *sua sponte*, pursuant to 28 U.S.C. § 1447(c). *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir.1979) (court may consider propriety of remand at any time in proceedings); *Glaziers, Glass Workers (Local Union No. 1928) of Jacksonville, Florida v. Florida Glass & Mirror of Jacksonville, Inc.*, 409 F.Supp. 225, 226 (M.D.Fla.1976) (if court lacks jurisdiction, it must *sua sponte* remand to state court).

■ Plaintiff's point that defendants caused this improvident removal is well taken. Defendants removed the case when they knew or should have known that a party whose joinder would destroy diversity would be indispensable. Therefore, pursuant to § 1447(c), defendants shall pay plaintiff's costs, if any, in connection with the federal court proceedings. *See Baas v. Elliot*, 71 F.R.D. 693, 699 (E.D.N.Y.1976). Plaintiff should submit to the court a list of its costs; these costs shall not include attorney's fees, because no showing of bad faith has been made at this time. *See Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir.1981). Should plaintiff move for such fees, however, and demonstrate that defendants' sole purpose in removing the case was to have the federal court dismiss the case, we would be inclined to grant fees, since "[s]uch a frivolous, self-defeating invocation of federal procedure cannot be countenanced." *Baas*, 71 F.R.D. at 694.

### CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Cook County, Illinois. Defendants shall pay plaintiff's costs in connection with the proceedings before this court.