# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1127

_____

| | | |
|---|---|---|
| Randy Williams, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Peter Ray Ragnone, in his individual | * | District of South Dakota. |
| and official capacity as Rapid City | * | |
| Police Officer; City of Rapid City; and | * | |
| Pennington County, South Dakota, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: March 12, 1998
Filed: June 12, 1998

_____

Before BEAM and HEANEY, Circuit Judges, and KOPF,[1] District Judge.

_____

BEAM, Circuit Judge.

Randy Williams sued the defendants, Peter Ray Ragnone, the City of Rapid City, and Pennington County, South Dakota, in state court for alleged violations of 42 U.S.C. § 1983 and state law. The defendants removed to the United States District Court for the District of South Dakota, and now appeal from the district court's order remanding

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

the action to state court. We vacate the order and remand this matter to the district court.

## I.    BACKGROUND

In the complaint filed in South Dakota state court, Williams alleged (1) that Ragnone, a city police officer, beat him during a traffic stop; (2) that other officers witnessed the battery, but failed to intervene; (3) that, after Williams was jailed, officers failed to provide him with medical treatment; and (4) that the city failed properly to train its officers to effectuate an arrest without the use of excessive force and provide immediate medical treatment to victims of police beatings. Williams asserted violations of section 1983, unreasonable search and seizure, and violation of his substantive due process rights under the federal and state constitutions, as well as conspiracy to commit these wrongs. He also included claims for battery, intentional infliction of emotional distress, and negligence as to the battery, the deprivation of medical care, and the hiring, retention, and training of Ragnone.

The defendants removed to federal court, asserting that removal was proper because Williams alleged a violation of rights under the United States Constitution pursuant to 42 U.S.C. § 1983, and the district court therefore had original jurisdiction pursuant to 28 U.S.C. § 1331. Williams then moved to remand to state court. The defendants opposed Williams's motion, reiterating that the district court had federal question jurisdiction, making the action removable pursuant to 28 U.S.C. § 1441(a) or (b). The district court granted Williams's motion to remand, citing the concurrent jurisdiction that federal and state courts share over section 1983 claims. The court found that section 1331 was not relevant, and noted that the court was "concerned here with the civil rights statute, 28 U.S.C. § 1443," which "pertain[ed] to the removal of civil rights cases" and applied only in cases involving racial inequality. The defendants moved for reconsideration, arguing that the district court exceeded its authority in remanding, because (1) the basis for removal was section 1441, not section 1443; (2)

the court had original jurisdiction over the section 1983 claims; and (3) there were no defects in the removal procedure. The district court denied the motion. The defendants appeal.

## II. DISCUSSION

Initially, we acknowledge that 28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The Supreme Court, however, has clarified that section 1447(d) bars appellate review only if the district court remands on the grounds articulated in section 1447(c), i.e., for lack of subject matter jurisdiction or defects in the removal procedure. See Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712, 1718 (1996). Here, the district court stated that it remanded this case in its discretion, rather than for a reason listed in section 1447(c). We are therefore not barred by section 1447(d) from reviewing the district court's decision to remand. Furthermore, though a remand order is not formally a final judgment, it is reviewable on appeal to the extent that it "conclusively determine[s] a disputed question that is completely separate from the merits of the action, [is] effectively unreviewable on appeal from a final judgment . . . and [is] too important to be denied review." Quackenbush, 116 S. Ct. at 1718-19 (citations omitted). We are presented with such a situation. The remand order issued by the district court effectively "surrender[s] jurisdiction to the state court, and [the defendants] have no other opportunity to appeal that decision in a federal court." Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) (applying Quackenbush). Accordingly, our review of the district court's remand order is proper.

We agree with the defendants that the applicable statute governing removal of this case is 28 U.S.C. § 1441. This case is properly removed pursuant to either subsection (a) or subsection (b) of that statute. Section 1441(b) allows a party to remove to federal court any civil action over "which the district courts have original

jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Federal question jurisdiction exists if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). We find that Williams's complaint raises a federal question because it asserts claims under 42 U.S.C. § 1983 for alleged violations of federal constitutional rights. When a federal question is present on the face of the complaint, the district court has original jurisdiction and the action may be removed to federal court. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

The district court relied on the concurrent jurisdiction of state and federal courts over section 1983 claims in finding that this case was not removable. That reliance was misplaced. Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over section 1983 claims, notwithstanding the fact that they share such jurisdiction with the courts of the states in which they sit. Accordingly, section 1983 claims brought in state court are removable pursuant to section 1441(a), unless Congress has "otherwise expressly provided." Congress has not indicated in any statute, expressly or otherwise, that section 1983 claims are not removable. "A congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited." 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3729, at 495 (2d ed. 1985); see, e.g., Nielson v. Soltis, 41 F.3d 1516 (10th Cir. 1994)

(unpublished table decision); <u>Warren v. United States</u>, 932 F.2d 582, 585-86 (6th Cir. 1991); <u>Dorsey v. City of Detroit</u>, 858 F.2d 338, 341 (6th Cir. 1988).

"[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court." <u>Gaming Corp.</u>, 88 F.3d at 543. By raising claims that arise under federal law, Williams subjected himself to the possibility that the defendants would remove the case to federal court. <u>See</u> <u>City of Chicago v. International College of Surgeons</u>, 118 S. Ct. 523, 529 (1997). The district court has supplemental jurisdiction over Williams's state law claims because they form part of the same case or controversy as his section 1983 claims. <u>See</u> 28 U.S.C. § 1367(a). This entire case was properly removed, and the district court was therefore without discretion to remand it. <u>See</u> <u>Gaming Corp.</u>, 88 F.3d at 542 (stating that a district court has no discretion to remand a claim that states a federal question).

## III. CONCLUSION

For the foregoing reasons, the district court's remand order is vacated, and this case is remanded to the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-