# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3835

_____

Jean Marie Anderson; Shawn Guse; Angela Guse; Allen L. Friedland; Jason M. Beeks; Patricia G. Mikelson

*Plaintiffs - Appellants*

v.

CitiMortgage, Inc.; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; RESI WHOLE LOAN II LLC; Citigroup Global Markets Realty, Inc.; Federal Home Loan Mortgage Corporation; Usset, Weingarden and Liebo, P.L.L.P.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 17, 2013
Filed: July 26, 2013
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Attorney William Butler appeals the district court's[1] order imposing sanctions against him under its inherent authority to discipline attorneys and impose sanctions. This is another case in a long line of lawsuits brought by Butler in Minnesota on behalf of homeowners challenging mortgage foreclosures. See, e.g., Butler v. Bank of Am., N.A., 690 F.3d 959 (8th Cir. 2012).

Butler represents six homeowners (collectively, "the homeowners") against several mortgage lenders and servicers (collectively, "the lenders"), alleging that the lenders unlawfully foreclosed or attempted to foreclose upon their homes.[2] After the homeowners filed this matter in Minnesota state court, the lenders removed the case to federal court pursuant to 12 U.S.C. § 1452(f). Section 1452(f) provides that the Federal Home Loan Mortgage Corporation—one of the entities the homeowners sued—may remove any civil action in which it is a party "to the district court of the United States for the district and division embracing the place where the same is pending . . . ." Id. Despite this, the homeowners filed a motion to remand. Significantly, in the memorandum in support of the motion to remand, the homeowners did not respond to the lenders' argument or reference section 1452(f). The Federal Home Loan Mortgage Corporation's attorney sent Butler a letter requesting that he withdraw his motion for remand, indicating that sanctions may be appropriate for a motion made without the appropriate legal justification. Butler ignored the letter.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[2]The underlying case is Anderson v. CitiMortgage Inc., No. 12-3032 (8th Cir. filed Aug. 29, 2012).

The district court referred the homeowners' motion to remand to a magistrate judge[3] pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b) of the United States District Court for the District of Minnesota. After briefing by both sides and a hearing, the magistrate judge issued a report and recommendation. According to the report and recommendation, the homeowners' "motion to remand in the face of [the Federal Home Loan Mortgage Corporation's] clear right to removal is plainly frivolous." On May 15, 2012, the district court adopted the report and recommendation and denied the homeowners' motion to remand. On July 24, 2012, the district court granted the lenders' motion to dismiss.

The lenders subsequently moved for sanctions against Butler pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the district court's inherent authority to sanction. In the lenders' motion seeking sanctions, they specifically requested that the district court "sanction Butler and order him to pay the costs and fees, including attorney's fees, incurred by the Defendants in responding to Plaintiffs' motion for remand." The district court issued to the parties a notice of hearing on the motion for sanctions. After holding a hearing, the district court issued a written order, and pursuant to its inherent authority to impose sanctions, the district court found "under the circumstances that $5,000 serves as an appropriate sanction to satisfy judicial economy and reflect attorneys' extra work in response to Butler's continued filing of unreasonable motions to remand." The district court declined to impose Rule 11 sanctions because the lenders waited until after the underlying case was dismissed before filing a motion for sanctions.

Butler appeals the sanctions imposed. "We review a district court's imposition of sanctions under its inherent power for an abuse of discretion." Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 745 (8th Cir. 2004) (internal quotation and alteration

---

[3]The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

marks omitted). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Plaintiffs' Baycol Steering Comm. v. Bayer Corp., 419 F.3d 794, 802 (8th Cir. 2005) (internal quotation marks omitted). A district court's inherent powers "must be exercised with restraint and discretion," but allow for district courts "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). This includes assessing "attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45-46 (internal quotation marks omitted). A party may demonstrate bad faith when it delays or disrupts litigation. Id. at 46. Finally, before imposing sanctions, "the individual must receive notice that sanctions against her are being considered and an opportunity to be heard." Bayer Corp., 419 F.3d at 802.

Butler argues he did not receive notice that the district court was considering imposing sanctions pursuant to its inherent authority.[4] We disagree. The lenders' motion for sanctions and supporting memorandum clearly stated that the motion was based in part upon the district court's inherent authority. See Appellees' Mot. for Sanctions 1, ECF No. 46; Appellees' Mem. in Supp. of Mot. for Sanctions 7, ECF No. 47. Before the hearing on this motion, the district court issued a notice to the parties, including Butler, informing the parties that it would be considering the motion for sanctions based upon, among other filings, the lenders' motion, the lenders' memorandum in support of their motion, and the arguments offered at oral argument. See Am. Notice of Hr'g on Mot. for Sanctions 2, ECF No. 51. At the hearing on the motion for sanctions, Butler did not address this argument, despite the lenders' attorney repeatedly referencing the court's inherent authority. See Mot. for Sanctions Hr'g Tr. 4, 8, Oct. 17, 2012, ECF No. 62. Based on the various forms of notice Butler received, we conclude Butler's argument is without merit.

---

[4]Because the district court's ruling was based only on its inherent authority to impose sanctions, we do not address Butler's arguments related to Rule 11 or 28 U.S.C. § 1927.

Next, Butler contends that he did not act in bad faith by filing a motion to remand on behalf of the homeowners. After briefing and a hearing, the district court found Butler's arguments were plainly frivolous. The district court reasoned that "Butler clearly knows that his Motion for Remand would have no more success than the same motion in Blaylock." Butler contends that he should not be responsible for following the district court's order in that case, Blaylock v. Wells Fargo Bank, N.A., Civil No. 12-693 ADM/LIB, 2012 WL 2529197 (D. Minn. June 29, 2012), because it was not decided until after he filed the motion to remand in this case. The district court's bad-faith finding, however, was not based solely on Blaylock; instead, the district court noted that the motion to remand was "plainly frivolous," ignored opposing counsel's Rule 11 letter, and reflected Butler's "continued unwillingness to abide by the rules." Thus, the district court did not abuse its discretion because the district court's reliance on the frivolous nature of the underlying motion to remand is sufficient to support a bad-faith finding.

In calculating the appropriate award of attorneys' fees in this case, the district court did not receive testimony or require the lenders to submit affidavits outlining the work done responding to the homeowners' motion to remand. Instead, the district court found that the lenders had estimated their fees at $14,625 based on the lenders' attorney's statement at oral argument.[5] The district court determined that requiring the lenders' attorneys to prepare affidavits specifying the time spent on the motion to remand would only further prolong the litigation, increasing attorneys' fees.

We conclude the district court abused its discretion in acting on the unsworn oral estimate offered by counsel in open court. Instead, the district court should have required affidavits and records from the attorneys relating to the time spent on the homeowners' motion to remand and made findings of fact with respect to the

---

[5]The lenders' attorney estimated that they spent 45 hours on the motion to remand, billing at $325 per hour.

attorneys' fees and costs incurred by the lenders. "We do not doubt the veracity of [lenders'] counsel but counsel has a duty to produce specific documentation related to [the motion to remand] that does not overlap with the . . ." other work performed in this matter. See White v. Kelsey, 935 F.2d 968, 970 (8th Cir. 1991) (remanding case for specific findings regarding attorneys' fees after trial court accepted attorneys' oral statements regarding their fees).

Accordingly, we: (1) affirm the district court's finding that Butler filed the motion to remand in bad faith; (2) vacate the $5,000 sanction for attorneys' fees; and (3) remand the matter for the district court to make specific findings as to the lenders' fees and costs incurred responding to the homeowners' motion to remand.

_____