# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-1912

_____

Convent Corporation, Individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

City of North Little Rock, Arkansas, a Municipal Corporation; Joe Smith, Mayor, Individually and in his offical capacity; Debi Ross, City Council Member, Individually and in her official capacity; Beth White, City Council Member, Individually and in her official capacity; Linda Robinson, City Council Member, Individually and in her official capacity; Maurice Taylor, City Council Member, Individually and in his official capacity; Steve Baxter, City Council Member, Individually and in his official capacity; Bruce Foutch, City Council Member, Individually and in his official capacity; Murry Witcher, City Council Member, Individually and in his official capacity; Charlie Hight, City Council Member, Individually and in his official capacity; Tom Wadley, Director, Code Enforcment Division, Individually and in his official capacity; Felecia McHenry, Code Enforcement Officer, Individually and in her official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 12, 2015
Filed: April 27, 2015
[Published]

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Convent Corporation ("Convent") appeals the district court's[1] denial of its motion for attorneys' fees for improper removal against the City of North Little Rock ("City") and City officials[2] (collectively, "defendants"). Because we conclude that removal was not improper, we affirm.

## I. *Background*

Convent filed suit against the defendants in the Circuit Court of Pulaski County, Arkansas, seeking to appeal a resolution that the North Little Rock City Council passed declaring Convent's property a nuisance and condemning the property. In the same complaint, Convent

> also br[ought] claims against [d]efendants pursuant [to] 42 U.S.C. §§ 1983, 1985(3)[,] 1986[,] and 1988 and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for violations of the Fifth, Fourth, and Fourteenth Amendments to the United States Constitution, Article 2, Sections 15 and 22, and a common law claim of [t]respass.

The defendants removed the case to federal district court based on the federal claims and then moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss provided, in relevant part:

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

[2]In addition to the City, Convent sued Joe Smith, Mayor, individually and in his official capacity; City Council Members Debi Ross, Beth White, Linda Robinson, Maurice Taylor, Steve Baxter, Bruce Foutch, Murry Witcher, and Charlie Hight, each individually and in his or her official capacity; Tom Wadley, Director of the Code Enforcement Division, individually and in his official capacity; and Felecia McHenry, Code Enforcement Officer, individually and in her official capacity.

3. Plaintiff has appealed the decision of the North Little Rock City Council while simultaneously filing suit against the Defendants alleging numerous federal constitutional and Arkansas state tort claims.

4. However, each member of the City Council, as well as the Mayor, is entitled to absolute legislative immunity from Plaintiff's allegations.

5. Further, at this time, Plaintiff's prescribed statutory remedy is its appeal of the City Council's decision.

6. There has been no final determination of Plaintiff's appeal of the North Little Rock City Council's decision.

7. Therefore, Plaintiff has failed to exhaust its administrative remedies as mandated by Ark. Code Ann. § 14-56-425 and Ark. Dist. Ct. R. 9.

8. Plaintiff is not permitted to collaterally attack the Council's decision with a complaint citing numerous federal civil rights violations while its appeal has yet to be adjudicated.

9. Additionally, dispositive issues of law demonstrate Plaintiff has failed to state facts upon which relief may be granted concerning its allegations of federal constitutional violations, as well as state tort claims.

The district court did not grant the defendants' motion to dismiss the complaint but instead found that it lacked subject matter jurisdiction over Convent's claims based on Convent's failure to exhaust its administrative remedies; as a result, the court remanded the case to state court. Thereafter, Convent "move[d] the [federal district] [c]ourt to enter an order requiring [d]efendants and their counsel to compensate [p]laintiff for all costs, fees, and expenses incurred by [d]efendants' improper removal" pursuant to 28 U.S.C. §§ 1447(c) and 1927 and the court's inherent power.

II. *Discussion*

On appeal, Convent argues that it filed and perfected its appeal of the City's condemnation action in the Circuit Court of Pulaski County, Arkansas, in compliance with Arkansas District Court Rule 9. According to Convent, the defendants thereafter improperly removed the action to federal court and "immediately argued that the federal court lacked jurisdiction because [p]laintiff had failed to exhaust its administrative remedies." Convent asserts that "[w]here the sole purpose of removal to federal court is to have the federal court dismiss the claims for want of jurisdiction, the removal is improper," and that it is entitled to an award of fees pursuant to 28 U.S.C. § 1447(c). Additionally, Convent argues that "because [d]efendants['] improper removal and misrepresentations of both fact and law in various pleadings unreasonably and vexatiously multiplie[d] this litigation, the [d]istrict [c]ourt should have awarded fees and costs pursuant to 28 U.S.C. § 1927 and the [c]ourt's inherent powers." Finally, it contends that because many of the defendants' "misrepresentations . . . appear to be deliberate," the district court should have awarded all fees and costs associated with the improper removal pursuant to the court's inherent powers.

"It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (citing 28 U.S.C. § 1919). A district court has "considerable discretion" in determining whether to award attorney's fees pursuant to 28 U.S.C. § 1447(c). *Wells Fargo Bank W., Nat'l. Ass'n. v. Burns*, 100 F. App'x 599, 599 (8th Cir. 2004) (per curiam) (citations omitted). Therefore, we review the district court's determination under § 1447(c) for an abuse of discretion. *Id.*

Generally, "[a] civil case commenced in state court may . . . be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). But 28 U.S.C. § 1447(c) requires the federal district court to remand

the case to state court if the federal court lacks jurisdiction. *Id.* (citing 28 U.S.C. § 1447(c)). "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Id.* (quoting 28 U.S.C. § 1447(c)). The Supreme Court has instructed that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141 (citations omitted). This rule notwithstanding, a district court "retain[s] discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* A district court may take into consideration "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction" in deciding whether to award attorney's fees. *Id.*

In determining whether the removing party lacked an objectively reasonable basis for seeking removal, "the district court 'do[es] not consider the motive of the removing defendant.'" *Diaz v. Cameron Cnty. Tex.*, 300 F. App'x 280, 281 (5th Cir. 2008) (per curiam) (alteration in original) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000)). "Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id.* (citing *Valdes*, 199 F.3d at 292–93).

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "'[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court.'" *Williams v. Ragnone*, 147 F.3d

700, 703 (8th Cir. 1998) (alteration in original) (quoting *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996)).

In the present case, Convent's complaint

br[ought] claims against [d]efendants pursuant [to] 42 U.S.C. §§ 1983, 1985(3)[,] 1986[,] and 1988 and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for violations of the Fifth, Fourth, and Fourteenth Amendments to the United States Constitution, Article 2, Sections 15 and 22, and a common law claim of [t]respass.

"'[A]lmost by definition, a claim under § 1983 arises under federal law and will support federal-question jurisdiction' pursuant to [28 U.S.C.] § 1331." *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 32 n.1 (1st Cir. 2014) (quoting *Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto*, 522 F.3d 1, 3 (1st Cir. 2008)). "By raising claims that arise under federal law, [Convent] subjected [itself] to the possibility that the defendants would remove the case to federal court." *Williams*, 147 F.3d at 703 (citation omitted).

Nevertheless, Convent argues that "[w]here the sole purpose of removal to federal court is to have the federal court dismiss the claims for want of jurisdiction, the removal is improper." (Citing *Baas v. Elliot*, 71 F.R.D. 693 (E.D.N.Y. 1976); *Johnson v. Smith*, 630 F. Supp. 1, 5 (N.D. Cal. 1986).) In *Baas*, the district court held that where the defendant "concede[d] that the sole purpose of removal to federal court was to have the federal court dismiss the case for want of jurisdiction," "[s]uch a frivolous, self-defeating invocation of federal procedure [would not] be countenanced." 71 F.R.D. at 694. As a result, the defendant was ordered to pay the plaintiff's costs in connection with the federal court proceedings, including but not limited to attorneys' fees. *Id*. In *Johnson*, the "defendants removed th[e] action asserting that it presented issues to be resolved under federal law," but when the court asked the defendants to provide an explanation for "the basis for federal jurisdiction

in the present action, defendants argued *against* jurisdiction, asserting that the only possible basis for federal jurisdiction (29 U.S.C. § 793) contained no private right of action, and moved to dismiss plaintiff's 'federal' claims and to remand the state law causes of action." 630 F. Supp. at 5. The district court determined that the defendants' removal of the case to federal court merited an award of costs. *Id.* at 6.

Both *Baas* and *Johnson* were decided prior to the Supreme Court's *Martin* decision setting forth the "objectively reasonable" standard. In any event, both cases are distinguishable from the present case. Here, following removal, the defendants did not move to dismiss the complaint *solely* because Convent failed to exhaust its administrative remedies, which would require dismissal for want of jurisdiction. In addition to arguing that Convent failed to exhaust its administrative remedies, the defendants' primary argument was that the district court should dismiss the complaint on the basis of the city officials' absolute legislative immunity. And, the defendants argued that "dispositive issues of law demonstrate [p]laintiff has failed to state facts upon which relief may be granted concerning its allegations of federal constitutional violations, as well as state tort claims."

Furthermore, Convent never requested remand to the state court; instead, it filed numerous pleadings, including a motion for class certification and a motion for partial summary judgment. Convent's failure to seek remand further supports the district court's denial of fees under § 1447(c). *See Martin*, 546 U.S. at 141.

Because the defendants had an objectively reasonable basis for removal of this action to federal court, we necessarily hold that the district court did not abuse its discretion in denying fees and costs to Convent pursuant to 28 U.S.C. § 1927 and its inherent powers. *See Tenkku v. Normandy Bank*, 348 F.3d 737, 743–44 (8th Cir. 2003) ("Section 1927 warrants sanctions when an attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.' . . . 'We review the district court's factual findings for clear error and its decision to

award sanctions for an abuse of discretion.'" (citations omitted)); *Anderson v. CitiMortgage, Inc.*, 519 F. App'x 415, 417 (8th Cir. 2013) (per curiam) ("'We review a district court's imposition of sanctions under its inherent power for an abuse of discretion.' . . . A party may demonstrate bad faith [warranting an award of fees to the moving party under the court's inherent power] when it delays or disrupts litigation." (citations omitted)).[3]

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____

---

[3]The defendants argue that the district court did not issue a ruling on Convent's request for sanctions pursuant to the district court's inherent powers; however, in denying Convent's motion, the district court acknowledged in its order that it had "considered" Convent's motion for attorney's fees in which Convent "seeks the award of fees under 28 U.S.C. § [1447](c), 28 U.S.C. § 1927, *and the Court's 'inherent powers*.'" (Emphasis added.)