Barbara A. **ROSENBLOOM**, individually and on behalf of all others similarly situated, Plaintiff,

v.

**JET'S AMERICA, INC.,** Defendant.

### Case No. 4:17 CV 1930 RWS

United States District Court, E.D. Missouri, Eastern Division.

Signed 09/29/2017

---

David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC, for Plaintiff.

### MEMORANDUM AND ORDER OF REMAND

RODNEY W. SIPPEL, UNITED STATES DISTRICT JUDGE

This removed case is before me on plaintiff's motion for remand. Plaintiff filed this purported class action in state court under the Missouri Merchandising Practices Act (MMPA) because she was charged an extra $2.56 for premium toppings on a pizza deal advertised by defendant. Plaintiff alleges that defendant violated the MMPA by failing to disclose that she would be charged extra for premium toppings. Defendant removed this action to this Court on July 7, 2017, alleging diversity jurisdiction under 28 U.S.C. § 1332 and the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Plaintiff now moves to remand this action to state court on the ground that the amount in controversy does not exceed the jurisdictional minimum. Because defendant has failed to demonstrate the requisite amount in controversy, the motion for remand will be granted.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Under CAFA, a federal district court has original jurisdiction over any class action in which the aggregate class members' claims exceed $5,000,000, and any member of the class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2), (d)(6); *Hurst v. Nissan N. Am., Inc.*, No. 4:12-CV-1488-DGK, 2013 WL 65466, at *2 (W.D. Mo. Jan. 4, 2013), *aff'd*, 511 Fed.Appx. 584 (8th Cir. 2013).

In removal cases, the district court reviews the state court petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii). The removing defen-

dant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

Here, plaintiff moves for remand on the ground that the minimum amount in controversy does not exceed the jurisdictional threshold of $75,000 required to establish diversity jurisdiction or the $5,000,000 necessary to establish CAFA jurisdiction.[1] Although plaintiff's state court petition does not seek a specific dollar amount in damages, she alleges that defendant engaged in a deceptive practice under the MMPA by charging her an extra $2.56 for premium pizza toppings. In its notice of removal, defendant relies on plaintiff's request for punitive damages and attorney's fees to support its assertion that the amount in controversy exceeds the jurisdictional threshold. To support its assertion that the Court has CAFA jurisdiction, defendant relies again on plaintiff's request for punitive damages and fees and points to plaintiff's allegation that there are hundreds or thousands of persons in the proposed class.

▪ Defendant's argument that plaintiff's request for punitive damages and attorney's fees push the amount in controversy over the jurisdictional threshold is unavailing. Defendant offers nothing but speculation and unsupported allegations that, because the MMPA provides for punitive damages and attorney's fees to the prevailing party, the total amount of damages would exceed $75,000. *See Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). Such speculation is insufficient to meet the defendant's burden of proof under the preponderance of the evidence standard. *Sherrard v. Boeing Co.*, No. 4:17CV1444 RLW, 2017 WL 2973947, at *2 (E.D. Mo. July 12, 2017). Defendant has offered no evidence that attorney's fees incurred by plaintiff would exceed the jurisdictional threshold, and such speculation would be unreasonable in light of the procedural posture of this case and the nature of plaintiff's allegations. *See, e.g., Kina v. Mindland Funding, LLC*, No. 4:15-CV-00950 ERW, 2015 WL 5487357, at *2 (E.D. Mo. Sept. 16, 2015); *Mak Automation, Inc. v. G. C. Evans Sales & Mfg. Co.*, No. 4:06CV1579 MLM, 2008 WL 821711, at *3 (E.D. Mo. Mar. 25, 2008).[2]

▪ Moreover, "while punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007). "Indeed, when determining the amount in controversy, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Kina*, 2015 WL 5487357, at *2 (citing *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994)). Here the plaintiff has made only conclusory allegations concerning the defendant's conduct for punitive damages, so the court has no way, based on the language of the state court petition, to determine whether a reasonable fact finder might conclude that punitive damages are applicable. Given the nature of the allegations, the Court is more likely to conclude that a reasonable fact finder would not award punitive damages for charging extra for premium top-

---

1. Plaintiff does not contest that the parties are diverse.

2. Defendant has failed to make the requisite showing whether fees are measured as of the time of removal (as argued by plaintiff) or for the entirety of the case (as argued by defendant). Therefore, I need not decide which test should apply.

pings in an advertised pizza special. Moreover, as plaintiff points out, even if a jury were to determine that punitive damages were appropriate, the jury would have to award them in a ratio grossly in excess of her actual damages (over 20,000 times her actual damages—a ratio far in excess of the MMPA cases cited by defendant) to even come close to meeting the jurisdictional threshold.

As for the other false advertising cases cited by defendant where punitive damages were awarded in MMPA cases, the Court finds them easily distinguishable from the case at bar because they involved the sale of vehicles and the actual damages far exceeded those at issue in this case. Moreover, in those cases the plaintiffs discovered that they purchased an inferior and/or defective vehicle based on the defendant's false statements, whereas no such allegations are made in the case here. *See e.g., Grabinski v. Blue Springs Ford Sales, Inc.,* 203 F.3d 1024, 1025 (8th Cir. 2000) (plaintiff prevailed on common law fraud and MMPA claims where dealer sold plaintiff car and falsely represented in had not been in an accident, thereby lowering the value of the car); *Estate of Overbey v. Chad Franklin National Auto Sales North, LLC,* 361 S.W.3d 364, 370 (Mo. banc. 2012) (plaintiff suffered more than $80,000 in actual damages resulting from defendants' violations of the MMPA in connection with the sale of vehicle); *Peel v. Credit Acceptance Corp.,* 408 S.W.3d 191, 196 (Mo. Ct. App. 2013) (defendant violated the MMPA by selling plaintiff a used car but never her gave her the title, rendering her unable to register the car and subjecting her to numerous penalties and fines).

Defendant has also failed to demonstrate that this Court has CAFA jurisdiction. Defendant offers no rough estimates of the number of transactions at issue or the class members' actual damages. Instead, defendant simply points once again to plaintiff's request for attorney's fees and punitive damages to support its assertion that the amount in controversy exceeds $5,000,000. These arguments fail for the same reasons discussed above. With no evidence of attorney's fees and only speculation regarding punitive damages, the Court finds that defendant has failed to establish by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *See Chochorowski v. Home Depot USA,* 585 F.Supp.2d 1085, 1093–94 (E.D. Mo. 2008).

 Finally, the Court has considered plaintiff's request for attorney's fees incurred in connection with seeking remand of this case. When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under § 1447(c) depends on the reasonableness of the removal. *Convent Corp. v. City of North Little Rock, Ark.,* 784 F.3d 479, 483 (8th Cir. 2015). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Nevertheless, district courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the Court does not consider the removing defendant's motive, but instead must consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent,* 784

F.3d at 483; *Nguyen v. Outfield Brewhouse, LLC*, No. 4:17-CV-00973-JAR, 2017 WL 3085325, at *3 (E.D. Mo. July 19, 2017).

While this case presents a close question, the Court finds that fees are not warranted because defendant had an objectively reasonable basis for seeking removal of this case, at least with respect to diversity jurisdiction under 28 U.S.C. § 1332. While the Court was ultimately not persuaded by defendant's arguments that punitive damages and fees could exceed the jurisdictional threshold, defendant did have an objectively reasonable basis for removal for purposes of determining whether plaintiff should be awarded attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [14] is granted, and this case is remanded to the Twenty-First Judicial Circuit, St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that all remaining motions are denied without prejudice to being refiled in state court.