# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1924

_____

Heather Hildreth; D.H., (Minor); M.S., (Minor)

*Plaintiffs - Appellants*

v.

City of Des Moines; Jeffrey Lester; James Butler; Katharine Massier; Dana Wingert; Animal Rescue League of Iowa, Inc.; Josh Colvin; Loretta Eaton; Tina Updegrove; Jason M. Casini; Scott Sanders

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 17, 2019
Filed: July 15, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

After their family dog was seized and euthanized, Heather Hildreth and her two children filed suit in state court against the City of Des Moines, the Animal Rescue League of Iowa, and various individuals. The dog had bitten two children, was

deemed dangerous under a city ordinance, and was euthanized three days before a trial seeking the dog's safe return. Plaintiffs' amended petition asserted state law claims of outrageous conduct; trespass; conversion; negligent and intentional infliction of emotional distress; and negligent retention and failure to supervise. The defendants removed the action to federal district court. The district court[1] granted the plaintiffs' motion to remand. We affirm.

The plaintiffs first argue that the district court abused its discretion in denying their motion for attorney fees and sanctions. See Convent Corp. v. City of N. Little Rock, 784 F.3d 479, 483 (8th Cir. 2015) (standard of review); Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1076 (8th Cir. 2017) (standard of review). See also 28 U.S.C. § 1447(c) (authorizing attorney fees when a case is remanded after removal); Fed. R. Civ. P. 11(c) (authorizing sanctions for violations of Rule 11(b)). They contend that the defendants improperly delayed removing the case to federal district court until after the plaintiffs had filed a cross-motion for summary judgment, well after the thirty-day removal deadline. See 28 U.S.C. 1446(b)(1) (imposing a thirty-day removal deadline after initial pleading that sets forth a federal claim is received); 28 U.S.C. § 1446(b)(3) (imposing a thirty-day removal deadline after amended pleading that sets forth a federal claim is received if initial pleading was not removable).

We find no abuse of discretion in the district court's decision to deny sanctions. The standard for awarding attorney fees and sanctions is one of objective reasonableness. See Convent Corp., 784 F.3d at 483 (attorney fees under § 1447(c)); Adams, 863 F.3d at 1077 (sanctions under Rule 11(c)). Although the court determined that the plaintiffs had asserted federal claims in both their initial and amended petitions, they first specifically asserted a claim under 42 U.S.C. § 1983 in

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

their cross-motion for summary judgment. Having themselves argued that their original and amended petitions did not contain federal claims, we will not now give credence to their argument that those allegedly nonexistent federal claims were so obvious that the district court abused its discretion in denying their claim for sanctions and attorney fees. Moreover, while a party typically may not assert a new claim in a motion for summary judgment, see Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004), it was not objectively unreasonable for the defendants here to believe that the plaintiffs had attempted to do so in their cross-motion.

We likewise find no abuse of discretion in the district court's denial of the plaintiffs' motion to seal counsel's Americans with Disability Act requests. Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (standard of review). The court sealed the attorney's medical records but refused to seal additional filings that mentioned the attorney's requests. The court did not err in concluding that the filings did not refer to or "disclose confidential information with such particularity that sealing them [was] warranted."

Finally, the district court did not abuse its discretion in denying the plaintiffs' motions for recusal. According to the plaintiffs, their attorney had attended law school with the district judge and there was animosity between the two. This allegation, along with the attorney's previous ethics complaints against the judge, as well as against the magistrate judge, do not meet the "heavy burden of proof" that must be met to overturn a district judge's denial of a motion for recusal. In re Steward, 828 F.3d 672, 682 (8th Cir. 2016) (quoting Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003)). The plaintiffs have failed to present evidence from which we could conclude that the judge's and the magistrate judge's impartiality could be questioned. See id.; see also Gilbert v. City of Little Rock, 722 F.2d 1390, 1399 (8th Cir. 1983) ("[A] controversy between a trial judge and an attorney for parties to an action would not require disqualification of the judge in

absence of showing of bias or personal prejudice to the parties."). We have also held that a lawyer's previous filing of an ethics complaint "is insufficient to establish that the judge's impartiality in this matter might reasonably be questioned." <u>Rodgers v. Knight</u>, 781 F.3d 932, 943 (8th Cir. 2015).

The judgment is affirmed.[2]

_____

[2]We also deny the defendants' motions for sanctions and for leave to file a sur-reply brief, as well as the plaintiffs' requests for extension of time to resist the motion for sanctions and to reconsider oral argument.