# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3382

_____

Mark I. Adams; Katherine S. Adams

*Plaintiffs*

v.

USAA Casualty Insurance Company, doing business as USAA; USAA General
Indemnity Co., doing business as USAA; United Services Automobile
Association, doing business as USAA

*Defendants*

v.

Wystan Michael Ackerman

*Respondent*

Kenneth (Casey) Castleberry

*Appellant*

Stephen O. Clancy; Stephen C. Engstrom; Stephen Edward Goldman

*Respondents*

John C. Goodson; D. Matt Keil; Matthew L. Mustokoff; Timothy J. Myers;
Richard E. Norman

*Appellants*

Lyn Peeples Pruitt

*Respondent*

William B. Putman; Jason Earnest Roselius; W. H. Taylor; A. F. (Tom) Thompson, III; Stevan Earl Vowell; R. Martin Weber, Jr.

*Appellant*s

------------------------------

Competitive Enterprise Institute Center for Class Action Fairness

*Amicus Curiae-Appellee*

_____

No. 16-3482

_____

Mark I. Adams; Katherine S. Adams

*Plaintiff*s

v.

USAA Casualty Insurance Company, doing business as USAA; USAA General Indemnity Co., doing business as USAA; United Services Automobile Association, doing business as USAA

*Defendant*s

v.

Wystan Michael Ackerman

*Appellant*

Kenneth (Casey) Castleberry; Stephen O. Clancy; Stephen C. Engstrom

*Respondent*s

Stephen Edward Goldman

*Appellant*

John C. Goodson; D. Matt Keil; Matthew L. Mustokoff; Timothy J. Myers; Richard E. Norman

*Respondent*s

Lyn Peeples Pruitt

*Appellant*

William B. Putman; Jason Earnest Roselius; W. H. Taylor; A. F. (Tom) Thompson, III; Stevan Earl Vowell; R. Martin Weber, Jr.

*Respondent*s

------------------------------

Competitive Enterprise Institute Center for Class Action Fairness

*Amicus Curiae-Appellee*

_____

Appeals from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: February 7, 2017
Filed: July 25, 2017

_____

Before SMITH,[1] BENTON, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

In this consolidated appeal, the appellants, attorneys for plaintiffs[2] and defendants[3] in a putative class action, appeal from the district court's orders (1) finding that the appellants violated Federal Rule of Civil Procedure 11 and abused the judicial process when they stipulated to the dismissal of the federal action, and (2) reprimanding some of the plaintiffs' attorneys as a sanction for the violation. Specifically, the district court found that the appellants violated Rule 11 when they stipulated to the dismissal of the federal action for the allegedly improper purpose of seeking a more favorable forum and avoiding an adverse decision. Finding no violation of Rule 11 or abuse of the judicial process, we reverse the district court's orders and remand for further proceedings consistent with this opinion.

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

[2]Appellants D. Matt Keil; Jason Earnest Roselius; John C. Goodson; Richard E. Norman; Stevan Earl Vowell; Timothy J. Myers; W.H. Taylor; William B. Putman; A.F. "Tom" Thompson, III; Kenneth (Casey) Castleberry; Matthew L. Mustokoff; and R. Martin Weber, Jr., represented the plaintiffs (collectively, "plaintiffs' counsel"). Stephen C. Engstrom also served as plaintiffs' counsel, but the district court found that Engstrom "b[ore] no responsibility for the violation in this case."

[3]Appellants Lyn Peeples Pruitt, Stephen Edward Goldman, and Wystan Michael Ackerman represented the defendants (collectively, "defendants' counsel"). Stephen O. Clancy also served as defendants' counsel, but the court found that Clancy was "not responsible for this violation" because he "did no work on this case after May 21, 2014, which was well before settlement negotiations began and the improper purpose introduced." (Citation omitted.)

## I. *Background*

The plaintiffs filed this case as a putative class action in the Circuit Court of Polk County, Arkansas, on December 5, 2013. On January 15, 2014, the defendants removed the matter to the federal district court pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d). The defendants answered the complaint the same day. On April 29, 2014, the defendants moved for partial judgment on the pleadings. On May 5, 2014, the district court stayed the action for mediation on the parties' joint motion. At the mediation, the parties discussed the possibility of dismissing this action and refiling the case in Arkansas state court to certify and settle a class action. The parties scheduled a second mediation for December 3, 2014, and the district court continued the stay pending that mediation. At the second mediation, the parties did not settle; however, the parties progressed sufficiently toward settlement to ask the district court to stay the matter an additional 90 days. The court again continued the stay but advised the parties that further extensions would be unlikely.

On March 16, 2015, the parties notified the district court that they had reached an agreement on most material terms. They moved for a one-month extension to resolve the remaining issues. The court denied the motion, lifted the stay, and ordered the parties to submit an updated Rule 26(f) report.[4] The parties reached a settlement agreement in principle on March 31, 2015. The settlement's terms included dismissal of this action and refiling in Polk County, Arkansas. On April 15, 2015, the defendants withdrew their motion for partial judgment on the pleadings, and the parties jointly filed a Rule 26(f) report setting forth several dates for continued litigation of this action in the district court. On May 5, 2015, the district court entered a final scheduling order based on the Rule 26(f) report.

---

[4]Federal Rule of Civil Procedure "26(f) requires that the attorneys of record arrange a conference, outline a discovery plan, and submit the discovery plan to the court in the form of a written report within 14 days." *Siems v. City of Minneapolis*, 560 F.3d 824, 825 n.2 (8th Cir. 2009).

On May 13, 2015, the district court held a hearing in a separate case also brought by Mark and Kathy Adams (the same plaintiffs in this matter) on preliminary approval of a class-action settlement of claims almost identical to those raised in the instant matter and brought by many of the same plaintiffs' counsel. *Adams v. Cameron Mut. Ins. Co. (Adams I)*, No. 2:12-CV-02173 (W.D. Ark.). At that hearing and in a subsequent written order, the district court informed the parties of certain concerns that it had with the proposed settlement. The court directed the parties to revise the settlement to obtain preliminary court approval. On June 5, 2015, the parties in *Adams I* submitted their amended stipulation of settlement for approval.

On June 16, 2015, the parties in the present case executed a settlement agreement identifying the Circuit Court of Polk County as the reviewing court. On June 19, 2015, the parties in the present case jointly dismissed this action by stipulation. The Clerk's order of dismissal was entered on June 22, 2015.

On June 23, 2015, the parties refiled the action in the Circuit Court of Polk County. The parties also filed a joint motion to certify a class action and to approve the stipulated class settlement that the parties had negotiated and executed while appearing in the federal action. The next day, the district court approved the *Adams I* amended stipulation.

On August 26, 2015, the state court certified a settlement class, and it also preliminarily approved the settlement agreement. On December 14, 2015, the district court first learned that the parties had refiled the action in the Circuit Court of Polk County and that the state court's final approval of the settlement was imminent. Two days later, the state court held a final-approval hearing for the settlement. On December 21, 2015, the state court entered its final order approving settlement, and it awarded attorney's fees. On that same day, the district court entered its show-cause order, directing

[a]ll counsel of record . . . to SHOW CAUSE as to why a non-monetary sanction should not be imposed for violations of Federal Rule of Civil Procedure 11(b)(1). In particular, counsel will be expected to show how their actions in making filings in this Court (to include the original removal, requests for stay, and/or stipulation of dismissal, etc.) were not made "for any improper purpose," including: (1) forum-shopping to seek a forum that counsel believed would best suit their own interests at any given time (to the detriment of class members); (2) wasting Government resources expended in adjudicating and monitoring this matter over 17 months only so counsel could gain leverage in settlement negotiations while ultimately evading federal review of the negotiated settlement; and/or (3) generally inappropriate procedural gamesmanship with no intent to actually litigate claims in good faith before this Court. Making filings in this Court, and invoking this Court's jurisdiction, for the purposes set out above would, viewed subjectively, have been done in bad faith and, viewed objectively, have "manifest[ed] either intentional or reckless disregard of the attorney[s'] duties to the court." *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006) (quotation omitted) (setting out the traditional standard for imposing Rule 11 sanctions and declining to consider whether the 1993 amendments to Rule 11 required a higher standard of subjective bad faith when sanctions are imposed sua sponte by the Court).

(Alterations in original.) (Footnotes omitted.)

On February 11, 2016, the district court notified all counsel of record that, in addition to the Rule 11 sanctions, it was also considering imposing sanctions under its inherent authority. On February 18, 2016, the district court held a hearing on the issues and took the matters under advisement.

On April 14, 2016, the district court issued an order finding that the plaintiffs' counsel and the defendants' counsel violated Rule 11 when they "stipulated to dismissal of th[e] [federal] action for the improper purpose of seeking a more favorable forum and avoiding an adverse decision." "[T]his mid-litigation forum

shopping," the court concluded, "was objectively unreasonable under the circumstances." According to the court, counsel lacked any authority to support "their mid-litigation forum shopping" because, in fact, "binding authority in this circuit" provides that "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." (Quoting *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).) The court determined that this authority "remains good law." (Citing *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212 (8th Cir. 2011).) In finding that counsel violated Rule 11, the district court rejected the argument that the attorneys' actions were insulated from the court's review because (1) no class action was certified before the district court so that Federal Rule of Civil Procedure 23(e) did not apply to require the court's approval prior to dismissal, and (2) Federal Rule of Civil Procedure 41(a)(1) does not require the court's approval for stipulations of dismissal.

In addition to finding a Rule 11 violation, the court determined that counsels' "use of properly-attached federal jurisdiction as a mid-litigation bargaining chip was an abuse of the judicial process." Finally, the district court "determined that the conduct of at least some [counsel] was characterized by bad faith, and that sanctions were warranted." To provide counsel with proper notice, the district court "listed the sanctions it was considering and set a hearing at which [counsel] could be heard with respect to those sanctions, which included both traditional sanctions and injunctive sanctions."

On June 24, 2016, the court heard argument "on the issue of whether and what sanctions should be issued." After taking the matter under advisement, the court entered an opinion and order finding that (1) Engstrom bore no responsibility for the Rule 11 violation and did not abuse the judicial process and therefore would not be sanctioned; (2) "Ackerman, Goldman, Pruitt, Vowell, Putman, Taylor, Mustokoff, Myers, Thompson, and Castleberry violated Rule 11 and abused the judicial process,

but did not do so in bad faith" and therefore would not be sanctioned;[5] and (3) "Keil, Goodson, Roselius, Weber, and Norman violated Rule 11 and abused the judicial process, and did so in bad faith." The court's finding of bad faith was based on counsels' knowledge "of the controlling authority of *Hamm* and *Thatcher*."[6] "That is," the court explained, the attorneys were aware "from the time dismissal and return to state court was first raised in the settlement negotiations in this case until the time that the stipulation of dismissal was filed that dismissal for the purpose of seeking out a more favorable forum or avoiding an adverse decision is improper." The court absolved the defendants' counsel of any bad faith based on "mitigating factors." Specifically, the defendant-client was "aware that other insurers had settled class actions in Arkansas without negative consequences using this same tactic," leaving the court "with the impression that the misconduct of Ackerman, Goldman, and Pruitt was characterized more by a sense of helplessness in the face of ethical obligations to their client than it was by bad faith."

## II. *Discussion*

On appeal, the plaintiffs' counsel and the defendants' counsel ask this court to reverse the district court's finding that they violated Rule 11 and abused the judicial process by stipulating to the dismissal of the federal action for the purpose of seeking

---

[5]In its prior opinion and order, the district court "identified silence before the state court on the 'penalty of perjury' issue as evidence that the actions before [the district court] of [Appellants] Vowell, Putman, Taylor, Keil, and Ackerman were characterized by some degree of bad faith." In its sanctions order, the district court reexamined the issue and determined that "[t]he conduct of [Vowell, Putman, Taylor, Keil, and Ackerman] at the . . . state court hearing [was] not sufficiently weighty evidence of bad faith for the [district] [c]ourt to rely on it in finding bad faith characterized [their] misconduct."

[6]*Thatcher* lists Goldman, Pruitt, Keil, Goodson, and Roselius as having argued or briefed the case on appeal. 659 F.3d at 1212. Goldman, Ackerman, and Pruitt admitted knowing of *Thatcher*. Weber and Norman entered an appearance in *Thatcher* following remand to the district court.

a more favorable forum and avoiding an adverse decision. Additionally, plaintiffs' counsel whom the court reprimanded argue that the district court abused its discretion in doing so.[7]

Pursuant to Federal Rules of Appellate Procedure 27 and 29(b) and Eighth Circuit Rule 28A(k), we granted the motion of non-profit Competitive Enterprises Institute Center's for Class Action Fairness (CCAF) to defend the district court's judgment.

## A. *Violation*

We review the district court's imposition of sanctions in this case, whether under Rule 11 or under its inherent power, for abuse of discretion. *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006); *Stevenson v. Union Pac. R.R.*

---

[7]"In this circuit, an order sanctioning an attorney is appealable . . . ." *Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 451 F.3d 484, 491 (8th Cir. 2006). As to non-sanctioned findings of professional misconduct, "[o]ur sister Circuits have adopted a variety of standards for when a district court's findings of judicial misconduct are appealable." *Keach v. Cty. of Schenectady*, 593 F.3d 218, 224 (2d Cir. 2010). Most circuits to address the issue allow lawyers to appeal formal reprimands, even where no monetary sanctions are imposed. *See, e.g.*, *Martinez v. City of Chicago*, 823 F.3d 1050, 1055–56 (7th Cir. 2016); *In re Williams*, 156 F.3d 86, 92 (1st Cir. 1998); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 542–44 (3d Cir. 2007); *Precision Speciality Metals, Inc. v. United States*, 315 F.3d 1346, 1352–53 (Fed. Cir. 2003). Most circuits also permit lawyers to appeal specific findings of professional misconduct, even absent an official reprimand (which is what the district court issued for some of the attorneys in this case). *See, e.g.*, *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1167–69 (10th Cir. 2003); *Walker v. City of Mesquite*, 129 F.3d 831, 832–33 (5th Cir. 1997); *Sullivan v. Comm. on Admissions & Grievances*, 395 F.2d 954, 956 (D.C. Cir. 1967). The circuits allowing appeals of the second category do so primarily because of the severe injury that professional misconduct findings inflict on attorneys' reputations. *See Butler*, 348 F.3d at 1168. In light of these cases, we conclude that the district court's non-sanctioned findings of professional misconduct are also appealable.

*Co.*, 354 F.3d 739, 745 (8th Cir. 2004). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

### 1. *Overview*

Federal Rule of Civil Procedure 11(b)(1) provides that when an attorney "present[s] to the court a pleading, written motion, or other paper," he or she "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for *any improper purpose*, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1) (emphasis added). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The court may *sua sponte* order an attorney "to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Rule 11 also permits a court to sanction an attorney for violation of the rule, "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

We have previously said "that the standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark*, 460 F.3d at 1009 (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)). "We have [also] said . . . that the rule should be applied with 'particular strictness' when sanctions are imposed on the court's own initiative . . . ." *Id.* at 1010 (quoting *MHC Inv. Co. v. Racom Corp.*, 323

F.3d 620, 623 (8th Cir. 2003)).[8] Rule 11's main purpose "is to deter baseless filings. . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell*, 496 U.S. at 393 (quoting Fed. R. Civ. P. 11 (1990)).

In addition to its Rule 11 discretion, the district court possesses inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The district court's "inherent powers include the ability to supervise and 'discipline attorneys who appear before it' and discretion 'to fashion an appropriate sanction for conduct which abuses the judicial process,' including assessing attorney fees or dismissing the case." *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012) (quoting *Chambers*, 501 U.S. at 43, 44–45). The court's inherent power "reaches both conduct before the court and that beyond the court's confines" to secure compliance with the court's orders. *Chambers*, 501 U.S. at 44.

### 2. *Federal Rule of Civil Procedure 41(a)(1)(A)(ii)—Stipulation of Dismissal*

Following a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), "district courts may [still] enforce Rule 11." *Cooter & Gell*, 496 U.S. at 395. This is because "a voluntary dismissal does not expunge the [already completed] Rule 11 violation." *Id*. Nothing in Rule 41(a) "terminates a district court's authority to impose sanctions after such a dismissal." *Id*.

---

[8]But this court has previously "found it unnecessary to decide whether the standard for sanctions initiated under Rule 11(c)[(3)] is different from, and more stringent than, the standard for sanctions initiated by motion of a party under Rule 11(c)[(2)]." *Id*. (citing *Norsyn, Inc. v. Desai*, 351 F.3d 825, 831 (8th Cir. 2003)). Because we conclude that no underlying violation of Rule 11 occurred, we also find it unnecessary to address this issue.

Here, the district court stated that "[r]efiling in a more favorable forum and avoiding an adverse decision are improper purposes for dismissal." In reaching this conclusion, the court rejected the argument that "Rule 41 allows the parties to stipulate to dismissal without the Court's approval" "for any reason," even if that includes "flee[ing] the jurisdiction." Central to the district court's conclusion was its belief that circuit precedent forbids dismissal "merely to escape an adverse decision [or] to seek a more favorable forum." (Quoting *Hamm*, 187 F.3d at 950.) The district court misreads our precedent.

Federal Rule of Civil Procedure 41 governs the dismissal of actions. Rule 41(a) expressly provides for the voluntary dismissal of an action by the plaintiff or by court order in subsections (a)(1) and (a)(2), respectively. The present case involves a dismissal under Rule 41(a)(1). That rule permits a plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) *a stipulation of dismissal signed by all parties who have appeared*." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). "Rule 41(a)(1) means what it says." *Foss v. Fed. Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 660 (8th Cir. 1986) (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)). By its terms, Rule 41(a)(1)(A)(ii) does not "empower a district court to attach conditions to the parties' stipulation of dismissal." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). We have recognized that "[c]aselaw concerning stipulated dismissals under Rule 41(a)(1)[(A)](ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984); *see also Great Rivers Co-op v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (stating that Rule 41(a)(1) stipulation is "a form of dismissal that is an unconditional right of the parties" (quotation omitted)); *Ajiwoju v. Cottrell*, 245 F. App'x 563, 565 (8th Cir. 2007) (stating that a

Rule 41(a)(1) dismissal "is effective upon entry and does not require judicial approval").[9]

In a case with similar facts, the Second Circuit overturned a district court's imposition of Rule 11 sanctions on lawyers who voluntarily dismissed a plaintiff's suit pursuant to Rule 41(a)(1)(A)(i) for the specific purpose of refiling in another court. *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *cf. Yesh Music*, 727 F.3d at 362 (explaining that both Rule 41(a)(1)(A)(i) and (ii) dismissals "require no judicial action or approval and are effective automatically upon filing"). In *Wolters*, the district court had "found that [the plaintiff's attorneys] main purpose in filing a Rule 41 voluntary dismissal of the . . . litigation was to judge-shop in order to conceal from its client 'deficiencies in counsel's advocacy' that had been noted by the district judge in New York." 564 F.3d at 114. The district

---

[9]Other circuits have held similarly. *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 407 (3d Cir. 2016) ("Once the voluntary stipulation is filed, the action on the merits is at an end. '[A]ny action by the district court after the filing of [the Stipulation of Dismissal] can have no force or effect because the matter has already been dismissed.' A voluntary dismissal deprives the District Court of jurisdiction over the action." (alterations in original) (footnotes omitted)); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013) ("Stipulated dismissals under Rule 41(a)(1)(A)(ii), like unilateral dismissals under Rule 41(a)(1)(A)(i), require no judicial action or approval and are effective automatically upon filing. Moreover, stipulated dismissals are also presumptively without prejudice." (footnote omitted)); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) ("[T]he plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction."); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("A voluntary dismissal by stipulation under Rule 41(a)(1)[(A)](ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court.").

court concluded that the attorneys' "judge-shopping was [for] an improper purpose and was accordingly sanctionable." *Id*. On appeal, the plaintiff's attorneys argued that their "conduct itself [was] not sanctionable because the Rule 41 dismissal was not entirely without color." *Id*. The Second Circuit agreed. It explained that the plaintiff's attorneys had the "unfettered right voluntarily and unilaterally to dismiss [the] action" under Rule 41(a)(1) because the defendant had not yet answered or moved for summary judgment. *Id*. (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)). Although acknowledging that "[d]ismissal of a suit may be disruptive and annoying," the court made clear that such dismissal "is permitted by the rules." *Id*. While "[p]laintiffs tend to dismiss actions that do not look promising," the court explained, "[as] long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge." *Id*. at 114–15 (quoting *Thorp*, 599 F.2d at 1177 n.10). As a result, the court held that the plaintiff's attorneys were "entitled to file a valid Rule 41 notice of voluntary dismissal for any reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable." *Id*. at 115.[10]

---

[10]*See also Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 292–93 (5th Cir. 2016) ("Court-ordered sanctions should be neither 'a consequence' of a voluntary dismissal without prejudice nor a 'condition' placed upon such dismissal." (quoting *Cooter & Gell*, 496 U.S. at 396–97)); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1188 (10th Cir. 2015) ("Forum shopping is not an improper purpose [under Rule 11] if a ground for federal jurisdiction arguably exists." (alteration in original) (quotation omitted)); *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (holding district court had no authority to require plaintiffs to obtain court's permission to dismiss defendant who had not served answer or motion for summary judgment, as plaintiffs had absolute right to dismissal without prejudice, and thus court could not sanction plaintiffs for filing notice of voluntary dismissal rather than motion).

In contrast to Rule 41(a)(1) dismissals, Rule 41(a)(2) dismissals are contested dismissals that *do* require a district court's approval and a court order. Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). "Rule 41(a)(2) . . . appli[es] once an answer or motion for summary judgment has been served." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Rule 41(a)(2)'s purpose "is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id*. "Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993).

In *Kern v. TXO Production Corp.*, we upheld the district court's grant of a Rule 41(a)(2) motion filed expressly to avoid an adverse decision and potentially seeking a more favorable forum in state court on a state-law issue. 738 F.2d 968 (8th Cir. 1984). In that case, the plaintiff had initially filed suit in federal court. During trial, the district court "informally indicated the view that plaintiff would be unable to make out a submissible fact question for the jury." *Id*. at 970. After a short recess, the plaintiff moved to dismiss without prejudice, and the district court dismissed the action without prejudice pursuant to Rule 41(a)(2). *Id*. The defendant appealed, arguing that "the dismissal, which came after the trial had begun, should have been with prejudice, or, in the alternative, should at least have been conditioned on the payment by plaintiff of its costs and lawyers' fees." *Id*. at 969. We held that the district court did not abuse its discretion in dismissing the complaint without prejudice. *Id*.[11]

---

[11]We also held that the district court abused its discretion in not conditioning dismissal on the plaintiff's promise to pay the defendant's costs and attorney's fees from the first action if she refiled. *Id*. at 972–73.

-16-

We declined to interfere with the district court's decision to grant the voluntary dismissal because, in part, "by granting the nonsuit without prejudice the District Court allowed the plaintiff the opportunity to seek a state-court ruling on a state-law issue." *Id*. at 971. Furthermore, the district court's view on state law would "have been only a forecast, an educated guess about what the . . . state courts would do," while "[t]he state courts . . . c[ould] give an authoritative answer." *Id*. We expressly declined to impose as a condition of dismissal "a requirement that plaintiff refile, if at all, only in a federal court," explaining:

> The state courts, unlike us, are courts of general jurisdiction. It would be unwise for us (assuming our power to do so) to forbid a citizen to resort to the courts of her own state. "[O]ne court is as good as another." *Young v. Southern Pac. Co.*, 25 F.2d 630, 632 (2d Cir. 1928) (L. Hand, J., concurring). We have no reason to think the state courts will not do justice.

*Id*. at 973.

The district court in the present case relied on two other Rule 41(a)(2) cases—*Hamm* and *Thatcher*—in concluding that counsel violated Rule 11 in stipulating to dismissal of the federal action under Rule 41(a)(1) for the purpose of forum shopping. In *Hamm*, we affirmed the district court's denial of the plaintiffs' motion to dismiss; in doing so, we set forth certain factors that a district court should consider in a contested motion for voluntary dismissal under Rule 41(a)(2):

> In exercising [its] discretion, a court *should consider factors* such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. *Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.*

187 F.3d at 950 (emphases added) (citations omitted).

-17-

In *Thatcher*, the "plaintiff filed a motion to voluntarily dismiss without prejudice stating that he intended to refile in state court with an amended complaint that would avoid federal jurisdiction. The district court granted the motion to dismiss without addressing plaintiff's stated reason for the dismissal." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 514 (8th Cir. 2017) (citing *Thatcher*, 659 F.3d at 1213). On appeal, we held that the district court abused its discretion by not addressing the plaintiff's purpose for dismissing the suit because, "had [it] done so, it could have concluded that [the plaintiff] was dismissing so he could return to the more favorable state forum. [The plaintiff's] expressed intent was to amend his complaint in order to avoid federal jurisdiction." *Thatcher*, 659 F.3d at 1214.

In contrast to the Rule 41(a)(2) cases upon which the district court relied, Rule 41(a)(1) cases require no judicial approval or review as a prerequisite to dismissal; in fact, the dismissal is effective upon filing, with no court action required. Fed. R. Civ. P. 41(a)(1). The reason for the dismissal is irrelevant under Rule 41(a)(1). Therefore, we hold that the district court erred in concluding that counsel engaged in sanctionable conduct by stipulating to a dismissal under Rule 41(a)(1) for the purpose of forum shopping and avoiding an adverse result. In light of *Wolters* and the other Rule 41(a)(1) cases previously discussed, such a stipulation of dismissal was in accordance with Rule 41(a)(1)(A)(ii).[12]

---

[12]To the extent that Rule 41(a)(2) cases are relevant to the present case, in *Kern*, we concluded that a district court did not abuse its discretion in declining to impose as a condition of dismissal "a requirement that plaintiff refile, if at all, only in a federal court" based on our recognition that a federal court should not "forbid a citizen to resort to the courts of her own state" given that "[o]ne court is as good as another." 738 F.2d at 973 (quoting *Young*, 25 F.3d at 632). Here, the plaintiffs originally filed suit in state court, and the parties agreed to return to that forum.

### 3. *Federal Rule of Civil Procedure 23(e)—Settlement of a Certified Class's Claims*

Although we have concluded that counsel did not violate Rule 41 in stipulating to the dismissal of the action, our analysis is not complete. We must next address whether counsel acted improperly in dismissing the lawsuit under Federal Rule of Civil Procedure 23(e). If their dismissal was for an improper purpose or abused the judicial process under this rule, the court's sanctions under Rule 11 may withstand scrutiny.

Rule 23(e) provides that "[t]he claims, issues, or defenses of *a certified class* may be settled, voluntarily dismissed, or compromised *only with the court's approval*." (Emphases added.) "The [current] rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1)(A), advisory committee's note to 2003 amendment. "[T]he 2003 amendments to Rule 23(e) intentionally . . . limit[ed] the courts' supervisory powers over dismissals and voluntary settlements to class actions in which a class has been certified." 5 J. Wm. Moore *et al.*, Moore's Federal Practice § 23.160 (3d ed. 2017); *see also* 7B Wright, Miller, & Kane, Federal Practice & Procedure § 1797 (3d ed. 2017) ("Whatever the justification for those protections, the 2003 amendments make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)."). Rule 23(e) does not apply if the claims are not "the claims 'of a certified class." *White v. Nat'l Football League*, 756 F.3d 585, 591 (8th Cir. 2014) (quoting Fed. R. Civ. P. 23(e)) ("We do not believe Rule 23(e) applies, however, because we do not believe that the claims settled in the Dismissal were the claims 'of a certified class.'").

"Prior to 2003, '[s]everal courts . . . had concluded the supervisory guarantees of the former Rule 23(e) applied in the pre-certification context.'" *Withrow v. Enter. Holdings, Inc.*, No. 3:09-1543, 2010 WL 3359686, at *4 (S.D. W. Va. Aug. 20, 2010)

-19-

(alteration and ellipsis in original) (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 349 n.21 (3d Cir. 2004)). Pre-2003, Rule 23(e) provided that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e) (2002). We interpreted the pre-2003 version as requiring court approval for a dismissal or compromise "even if a class has not yet been certified." *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001).

"Since the [2003] amendment, several courts have held that 'settlements or voluntary dismissals that occur before class certifications are outside the scope of [Rule 23].'" *Withrow*, 2010 WL 3359686, at *4 (second alteration in original) (quoting *Buller v. Owner Operator Indep. Driver Risk Retention Grp., Inc.*, 461 F. Supp. 2d 757, 764 (S.D. Ill. 2006)). These courts hold that "where no class has been certified, voluntary dismissal of a putative class action is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure." 2 McLaughlin on Class Actions § 6:1 (13th ed. 2016) (citing *Jackson v. Innovative Sec. Servs., LLC*, 283 F.R.D. 13, 15 (D.D.C. 2012) ("The purpose of Rule 23(e) is to protect the rights of nonparty members of the class with the court acting in a fiduciary capacity for absent class members. However, this matter was never certified. . . . As such, plaintiffs' request for dismissal of the class action claim is appropriate under Federal Rule 41(a)(1) . . . ." (citations omitted)); *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 790 F. Supp. 2d 125, 132–33 (S.D.N.Y. 2011) ("[N]o plaintiff class has yet been certified in this litigation. Prior to certification, court approval is not required to compromise the individual claims of potential class members."); *Del Rio v. CreditAnswers, LLC*, No. 10cv346–WQH–BLM, 2011 WL 1869881, *2 (S.D. Cal. 2011) ("Because no class has been certified in this case, the requirements of Rule 23(e), as amended in 2003, do not apply to the Joint Motion to Dismiss the class claims without prejudice."); *Withrow*, 2010 WL 3359686, at *4 ("[T]he class was never certified. Thus . . . there was no impediment to the parties voluntarily

-20-

dismissing the action under Rule 41(a)(1)(A)(ii).”); *Logue v. Nissan N. Am., Inc.*, No. 08-2023-STA/dkv, 2008 WL 2987184, *3 (W.D. Tenn. July 30, 2008) (stating “voluntary dismissal without court order pursuant to Rule 41(a)(1) remains available to plaintiffs before their putative class is certified”); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2908918, *1 (S.D. Ill. Oct. 4, 2007) (“Because no class has been certified . . . the question of voluntary dismissal . . . is governed not by Rule 23 but by Rule 41.”)).[13]

Despite these cases, CCAF argues that CAFA, 28 U.S.C. § 1332(d), would prevent a stipulation of dismissal under Rule 41(a)(1)(A)(ii) in light of CAFA’s purpose—to prevent state court abuse of absent class members. CCAF argues that to permit the attorneys in the present case to stipulate to a dismissal in a putative CAFA action contravenes CAFA’s purpose.

But nothing in CAFA altered the 2003 amendment to Rule 23(e). Congress rejected a proposed draft of CAFA that would have potentially prevented federal class

---

[13] *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1244 (10th Cir. 2011) (“Of course, the first basis for this proposed amendment has been eliminated in the pre-certification stage because it is now clear that the procedural requirements established by Fed. R. Civ. P. 23 attach *only after a class has been certified*.”); *S. Ave. Partners, LP, v. Blasnik*, No. 3:09–CV–765–M–BK, 2013 WL 5183964, at *2 (N.D. Tex. Sept. 13, 2013) (concluding “Rule 23(e) is inapplicable” because “[t]he Court has not granted class certification.”); *Burks v. Arvest Bank*, No. 4:06-CV-00551 GTE, 2006 WL 3392642, at *1 (E.D. Ark. Oct. 24, 2006) (“Despite the fact that Plaintiff’s Complaint contains class allegations, no class has been certified and the Court therefore has no independent duty to approve any voluntary dismissal with the interests of the class in mind, as it would if a class had been certified.”). *But see Tombline v. Wells Fargo Bank, N.A.*, No. 13-CV-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (stating “courts in this district have noted ‘some uncertainty’ about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments” but that “our decisions have ‘generally assumed that it does’ apply” (citations omitted)).

actions from being refiled and settled in state court. *See* S. Rep. No. 108-123, at 48–49, 94–95 (2003). Given that (1) the overwhelming majority of courts have held that when no class has been certified, voluntary dismissal of a putative class action is governed not by Rule 23 but by Rule 41, and (2) CAFA did not affect the 2003 amendment to Rule 23, we conclude that a reasonable lawyer would have a colorable legal argument that a stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii) is permissible in a case in which the class has not yet been certified. *See Wolfchild v. Redwood Cty.*, 824 F.3d 761, 771 (8th Cir.), *cert. denied sub nom. Wolfchild v. Redwood Cty., Minn.*, 137 S. Ct. 447 (2016) ("Appellants and their counsel have made good-faith, nonfrivolous arguments distinguishing, calling for modifications, or seeking extensions of existing law. We, therefore, conclude the district court abused its discretion when it imposed sanctions upon Appellants and their counsel."); *E.E.O.C. v. Trans States Airlines, Inc.*, 462 F.3d 987, 996 (8th Cir. 2006) (noting that even when a claim is ultimately meritless, sanctions are not appropriate when the plaintiffs had colorable legal arguments to support their claims).[14]

### 4. *Conclusion on Violation*

The district court's frustration with what it perceived as an abuse of the federal court system and lack of candor with the court is understandable. However, our precedent necessitates a holding that counsel did not violate Rule 41(a)(1) in stipulating to the dismissal of the action and that counsel had at least a colorable legal argument that the district court's approval was not needed under Rule 23(e) to voluntarily dismiss the claims of the putative class. As a result, we hold that the district court abused its discretion in finding that counsel acted with an improper purpose under Rule 11 and abused the judicial process by stipulating to the dismissal

---

[14]We decline to determine whether the post-2003 version of Rule 23(e) requires court approval for a dismissal or compromise even if a class has not yet been certified. It is sufficient to hold that counsel had at least a colorable argument that Rule 23(e) did not apply here.

of the federal action for the purpose of seeking a more favorable forum and avoiding and adverse decision. *See Plaintiffs' Baycol Steering Comm.*, 419 F.3d at 802 ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." (quoting *Cooter & Gell*, 496 U.S. at 405 ).

## B. *Sanction*

The plaintiffs' counsel who were sanctioned in the form of a reprimand argue that the district court abused its discretion in doing so. Having found that the plaintiffs' counsel neither violated Rule 11 nor abused the judicial process, we necessarily hold that the district court abused its discretion in sanctioning counsel in the form of a reprimand. *Wolfchild*, 824 F.3d at 770 ("We review the imposition of sanctions for abuse of discretion.").

## III. *Conclusion*

Counsel did not violate Rule 41(a)(1) in stipulating to the dismissal of the action and had at least a colorable legal argument that the district court's approval was not needed under Rule 23(e) to voluntarily dismiss the claims of the putative class. Therefore, we hold that the district court abused its discretion in determining that counsel violated Rule 11 and abused the judicial process. As a result, it also abused its discretion in imposing sanctions upon the plaintiffs' counsel for the purported violation. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

_____