# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2798

_____

Connie Jean Smith, Individually and on behalf of all others similarly situated

*Plaintiff - Appellee*

Jeannie Vanette Hill Thomas

*Intervenor Plaintiff - Appellant*

v.

SEECO, Inc., Now known as SWN Production (Arkansas), LLC; Desoto Gathering Company, LLC; Southwestern Energy Services Company; Southwestern Energy Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 4, 2017
Filed: July 31, 2017
[Published]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeannie Vanette Hill Thomas appeals the district court's denial of her motion to intervene in Connie Jean Smith's class action against SEECO, Inc., Desoto Gathering Company, LLC, Southwestern Energy Services Company, and Southwestern Energy Company (collectively, Appellees). Thomas moved to intervene based on her interest in adequacy of representation by the class representative and class counsel. We conclude that the district court's determination on this question was final, and that the district court's rationale for denying the motion was inadequate. We therefore remand the motion for further consideration. Thomas also moved to intervene based on her interest in the adequacy of notice and opt-out procedures for the class. The district court's determination on this issue was not final, so we dismiss this aspect of the appeal for lack of jurisdiction.

## I. BACKGROUND

Thomas is a member of a certified class in Smith's class action against Appellees for allegedly inflating deductions from royalty payments due under oil and gas leases. After class certification under Federal Rule of Civil Procedure 23(b)(3) and the submission of a proposed notice, but before the district court approved the notice, Thomas moved to intervene, both as of right and, in the alternative, permissively. She sought to challenge the adequacy of representation by the class representative and counsel, and she challenged the proposed notice. Specifically, she alleged that the defendants, class counsel, and class counsel in a parallel state case colluded so as to create a conflict of interest rendering class representation inadequate. She also alleged that certain of class counsel were found to have violated Federal Rule of Civil Procedure 11 in an unrelated class-action case. See Adams v. United Servs. Auto. Ass'n, No. 2:14-cv-02013, 2016 WL 1465433 (W.D. Ark. Apr. 14, 2016), rev'd sub nom. Adams v. USAA Cas. Ins. Co., No. 16-3382, No. 16-3482, 2017 WL 3136919 (8th Cir. July 25, 2017). Thomas also alleged the notices

contained unnecessary and onerous requirements for opting out. She sought to have the district court stay the notice procedure while it held a hearing and ruled on the effect of these matters on the adequacy of representation and pending the Adams court's imposition of sanctions. If the notices went ahead, she sought to include in them disclosure of the conflict-of-interest and Rule 11 violations. Finally, she sought an order compelling production of any agreements or memoranda between class counsel and any of the defendants, counsel for defendant, or counsel in the parallel state case.

The district court denied the motion to intervene because "intervention is either unnecessary or premature." It noted that Thomas was free to pursue her claim with different counsel by opting out and that objection to the proposed notice was premature because it had not yet been approved or distributed. The district court concluded that "the intervenor['s] position that the opt out procedures are 'onerous' or that [she] cannot opt out is premature because those procedures have not been finalized and the intervenor[] [has] not had the opportunity to comply with them." It therefore denied the motion without prejudice. Thomas appeals, pressing only the district court's denial of her motion to intervene as of right.

## II. DISCUSSION

Appellees and Smith argue that we lack jurisdiction to hear this appeal because the district court's denial of Thomas's motion to intervene was made without prejudice, and is therefore not a final decision. Our jurisdiction in this case is bottomed upon 28 U.S.C. § 1291, which permits us to review "final decisions" by the district court. The general rule is that a final decision under that section is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006) (quoting Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund, 425 F.3d 1087, 1091 (8th Cir. 2005)). As to a district court's denial of a motion to intervene as of right under

Federal Rule of Civil Procedure 24(a), we have repeatedly stated the well-settled rule that "[t]he denial of a motion to intervene of right is immediately appealable as a final judgment." United States v. Geranis, 808 F.3d 723, 727 (8th Cir. 2015) (reviewing denial of motion to intervene as of right for lack of Article III standing); see also FTC v. Johnson, 800 F.3d 448, 451 (8th Cir. 2015) (on merits); ACLU of Minn. v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1092 & n.2 (8th Cir. 2011) (standing); United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 833 (8th Cir. 2009) (standing); S.D. ex rel. Barnett v. United States Dep't of Interior, 317 F.3d 783, 785 & n.2 (8th Cir. 2003) (adequacy); Mausolf v. Babbitt, 85 F.3d 1295, 1298 (8th Cir. 1996) (adequacy); EPA v. City of Green Forest, Ark., 921 F.2d 1394, 1401-02 (8th Cir. 1990) (district court's jurisdiction); Corby Recreation, Inc. v. General Elec. Co., 581 F.2d 175, 176 n.1 (8th Cir. 1978).

Although this precedent would appear to settle the issue of our jurisdiction (at least as to intervention as of right), it is important to observe that the denials appealed from in these and other cases from our circuit, to the extent the matter was discussed, constituted the district court's conclusive ruling that a movant would not be permitted to become a party to the case. A movant's failure to, for example, possess Article III standing or meet the requirements of Rule 24(a), is not an infirmity that will evolve as the circumstances or stages of litigation in the case progress. In such a situation, because the movant "cannot appeal from any subsequent order or judgment in the proceeding unless he does intervene, the order denying intervention has the *degree of definitiveness* which supports an appeal therefrom." Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co., 331 U.S. 519, 524 (1947) (emphasis added). Requiring finality is consistent with the Supreme Court's observation that appealability from the denial of a motion to intervene is, like the collateral-order doctrine, "one of the narrow categories of decisions that we have deemed final for purposes of review, even though the entire dispute has not yet been resolved." Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 375 (1987); id. at 377 ("[W]hen an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to

-4-

immediate review."). Where, instead, the district court provisionally denies intervention of right, indicating that the right may materialize later in the litigation, permitting the movant to appeal would undermine the objectives of § 1291's "firm finality principle": preventing piecemeal litigation and preserving the partitioned relationship between trial and appellate courts. Microsoft Corp. v. Baker, No. 15-457, slip op. at 2-4 (June 12, 2017).

Therefore, we agree with Appellees and Smith that the district court's order, made without prejudice and inviting Thomas to reassert her right to intervene at a later time, warrants a closer look to determine if the requisite finality is present for purposes of our jurisdiction. As the Seventh Circuit has observed, the words "without prejudice" should not be given "talismanic importance," United States v. City of Milwaukee, 144 F.3d 524, 528 n.7 (7th Cir. 1998); the issue is whether, as a practical matter, the order amounts to a "final decision" under § 1291 with respect to the movant and her claimed right to intervene. Cf. Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999) ("A dismissal without prejudice can be an appealable final order."). Because Thomas moved to intervene under Rule 24(a)(2), her asserted right to intervene arises out of a claimed interest.[1] Her motion claimed two: (1) her interest in adequate representation by the class representative and counsel; and (2) her interest in notice and opt-out procedures that are informative and non-onerous.

With respect to adequacy, the district court stated in its order, "[i]f class members are not satisfied by class counsel or they wish to pursue their claims with

---

[1]Rule 24(a)(2) permits intervention as of right to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(c) requires a motion to intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

different counsel, they may opt out." It is apparent that the district court considered opting out, rather than intervention, to be the appropriate way for Thomas to protect her interest in adequate representation, and that this was a final conclusion not subject to later events in the litigation. This determination seems to us to contain the necessary finality for § 1291.

We conclude that the district court gave an inadequate rationale for denying Thomas's motion to intervene as of right based on her interest in the adequacy of representation. Although some district courts, like the district court here, have ruled that class members are not entitled to intervene because they can protect their interests by opting out of the class, we think this reasoning is flawed. As one leading treatise explains, SEECO's proposed reading of Rule 24 "is surely wrong: it would mean a class member could never intervene in a (b)(3) class action (since she can always opt out), yet both Rule 23 and the history of Rule 24 explicitly envision intervention as a means of securing adequacy of representation." 3 William B. Rubenstein, Newberg on Class Actions § 9:34 (5th ed. 2013 & Supp. 2017). Rule 23(d)(1)(B)(iii) provides that the court may issue orders that give class members notice of their opportunity "to intervene and present claims or defenses, or to otherwise come into the action." Rule 23(c)(2)(B)(iv), applicable to Rule 23(b)(3) classes like this one, states that notice to class members must explain "that a class member may enter an appearance through an attorney if the member so desires." When Rule 24 on intervention was amended in 1966, the advisory committee specifically contemplated that "a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court." Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment. These provisions and notes would be unnecessary if intervention as of right could be rejected simply because a class member may opt out and litigate separately. Accord 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1799 (3d ed. 2005) ("Intervention in class actions is governed by the same principles that apply in any other proceeding.");

cf. In re Comm. Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005). We therefore vacate that portion of the district court's order denying Thomas's motion to intervene based on her interest in adequacy of representation and remand for further consideration of the motion.[2]

Thomas also moved to intervene based on her interest in the notices and opt-out procedure. The district court ruled that this interest was being prematurely asserted, and that it may entertain those objections after the notices had been approved and sent to class members.[3] Rather than make a final determination of Thomas's right to intervene to protect this interest, the district court implied that it should be asserted at a later time. This was not a final decision but a deferral of the issue until what the district court considered to be a more appropriate stage in the litigation, should Thomas choose to continue to pursue it. (The district court later approved the plaintiffs' notice plan, with revisions, and notice was distributed. R. Doc. 221, 234.)

------

[2]After this appeal was submitted, the district court entered judgment in favor of SEECO. R. Doc. 515. A motion for new trial or relief from the judgment is pending, R. Doc. 538, and the time for filing an appeal therefore has not expired. See Fed. R. App. P. 4(a)(4)(v), (vi). If an appeal is filed, then the question of intervention will not be moot. Mausolf v. Babbitt, 85 F.3d 1295, 1297 (8th Cir. 1996).

[3]Specifically, the district court stated in its order:

Although notice has been proposed, it has not been approved or sent to class members. Therefore, the intervenor['s] position that the opt out procedures are "onerous" or that they cannot opt out is premature because those procedures have not been finalized and the intervenor[] ha[s] not had the opportunity to comply with them. If the notice is insufficient or new information questions the integrity of the process, additional orders can be entered as appropriate.

We are not persuaded by Thomas's response that the interest she was asserting was her ability to raise the notice and opt-out issues *before* the notices were approved and distributed. She argues that her interest is in being able to challenge adequacy and the notice procedure at the pre-approval stage. But Thomas's right to "the best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), the standard set forth in the Federal Rules for notice of the right to opt out in this Rule 23(b)(3) class, is essentially an interest in due process. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173-74 (1974). We see no principled basis on which to slice this interest up into pre- and post-approval segments. The right to be notified of the opportunity to opt out of a Rule 23(b)(3) class, and to be adequately apprised of relevant information so as to make an informed decision about whether to do so, is a matter parties may assert and the district court may address either before or after approval of a proposed notice. See Fed. R. Civ. P. 23(d); White Indus., Inc. v. Cessna Aircraft Co. (*In re* Cessna Aircraft Distributorship Antitrust Litig.), 518 F.2d 213, 215 (8th Cir. 1975) ("Under Rule 23 the district court is given broad discretion to determine the maintainability and the conduct of class actions."); Georgine v. Amchem Prods., Inc., 160 F.R.D. 478, 502-08 (E.D. Pa. 1995) (remedying misleading notices with second notices and opt-out period). Therefore, we dismiss this aspect of Thomas's appeal for want of jurisdiction.[4]

* * *

The partial dissent concludes that we lack jurisdiction to review the district court's denial of the motion to intervene based on Thomas's interest in adequacy of representation, because Thomas also sought prematurely to intervene based on her interest in the notice and opt-out procedures. We see no warrant to create a one-

---

[4]Appellees' pending motion for judicial notice and for partial withdrawal of their brief is denied as moot, as this decision does not rely on the materials and issues raised therein.

interlocutory-appeal rule for motions to intervene as of right that mature at different times. Cf. Behrens v. Pelletier, 516 U.S. 299, 308-10 (1996) (rejecting a comparable proposed rule for qualified immunity appeals). Suppose, for example, that Thomas had recognized in advance that a motion to intervene based on her interest in the notice and opt-out procedure was premature, and that she moved to intervene based only on adequacy of representation. If the district court denied that motion, then we would have jurisdiction to review the denial as a final order. We would not decline jurisdiction based on the possibility that Thomas might later move to intervene based on a different interest in the notice and opt-out procedure. The result should be no different here just because Thomas filed the second motion prematurely. The partial dissent expresses concern about opportunities for repetitious appeals, but we have no reason to believe that serial appeals concerning motions to intervene will be common.[5] Cf. Behrens, 516 U.S. at 310 & n.4. Nothing in our decision allows a putative intervenor to bring successive appeals from successive denials when a single motion to intervene could have raised all of the putative intervenor's interests at one time without delay.

BEAM, Circuit Judge, concurring and dissenting.

I concur in the court's holding that the district court's rulings concerning Thomas's interest in notice and opt-out procedures for the class are not final and appealable. I dissent from the court's ruling that matters concerning adequacy of representation by the class representative and class counsel are final and appealable.

The court concedes that the district court has certified this Federal Rule of Civil Procedure Rule 23(b)(3) class action and received from Smith a proposed notice as

---

[5]Our research found only two reported cases of appeals arising from successive motions to intervene. See Getty Oil Co. v. Dep't of Energy, 890 F.2d 425, 426-27 (Temp. Emer. Ct. App. 1989); Nassau County v. Cost of Living Council, 499 F.2d 1340, 1342 n.2 (Temp. Emer. Ct. App. 1974).

mandated by Federal Rule of Civil Procedure 23(c)(2), which notice is yet to be approved by the district court. The putative notice appears to encompass all requirements of Federal Rule of Civil Procedure 23(c)(2)(B)(i)-(vii).

The court notes that Thomas moves to intervene on the basis of rulings by the district court on two issues–the requirements for opting out of the class, and the adequacy of representation by the class representative and counsel. Accordingly, the court appears to agree that Thomas's motion to intervene is based upon rulings by the district court concerning at least somewhat interrelated issues elucidated by the proposed notice. The court concludes that the adequate-representation issue is final and appealable but needs to be remanded "for further consideration" but that the opt-out procedure issue is not final–thus, not appealable.

It is my view, however, that neither of these issues are final and appealable. Accordingly, I would remand the appeals for want of jurisdiction as dictated by 28 U.S.C. § 1291.

I concede that circuit courts sometimes assert jurisdiction over only the final portion of an order where it disposes of more than one independent claim. For example, taking up qualified immunity but not <u>Monell</u> claims, e.g., <u>Shannon v. Koehler</u>, 616 F.3d 855, 866 (2010), and other cases where the issue of pendent appellate jurisdiction arises, e.g., <u>Reid v. Doe Run Res. Corp.</u>, 701 F.3d 840, 844-45 (8th Cir. 2012) (motions for mandatory and discretionary stay); <u>Thornton v. GM Corp.</u>, 136 F.3d 450, 453-54 (5th Cir. 1998) (severing portion of district court's order imposing Rule 11 monetary sanctions from portion ordering payment of attorney's fees). The Supreme Court appears to have endorsed this approach in <u>Abney v. United States</u>, 431 U.S. 651, 662-63 (1977). However, in these and other cases the nonfinal portion of the order is generally one of two wholly separate claims, one categorically nonfinal. Here, by contrast, the nonfinal portion is part of the same conjugated assertion of intervention-of-right, and merely asserted slightly prematurely. In this

circumstance, we should not reach the merits on the adequate-representation portion of the order and create opportunities for repetitious appeals in this and future cases.

In my view, the court presently has no appellate jurisdiction over any of the issues raised by Ms. Thomas. Thus, they should all be dismissed for want of jurisdiction by the court as mandated by 28 U.S.C. § 1291. See Mitchell v. Forsyth, 472 U.S. 511, 524-25 (1985).

———————————————————